## Philadelphia Electric Company *v.* Julian (et al., Appellant).

Argued January 9, 1967. Before Bell, C. J., Mus-manno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Edward S. Lawhorne,* for appellant.

*James A. McGoldrick,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 18, 1967:

This is an appeal by defendant subcontractor from a judgment n.o.v. entered in favor of defendant James Julian, Inc. Julian had contracted with the Pennsylvania Department of Highways to widen and resurface a portion of Baltimore Pike in Delaware County. Julian in turn employed defendant, L. S. Lee and Son, an independent subcontractor, to erect guard rail fencing along the south edge of the widened highway.

Along that edge, plaintiff maintained a high pressure underground gas distribution main. Well before the project was begun, Julian was made aware of the existence of this main and was told by plaintiff's representative that the line could not be taken out of service. Despite this knowledge, Julian never advised Lee of the main's presence or location and not knowing of the pipeline's presence, an employee of Lee, while pile driving a guard fence post into the left shoulder of the highway, penetrated plaintiff's gas main. As a result, the entire main was shut down and repairs made at considerable expense to plaintiff. The evidence reveals that Julian's project supervisor, who knew where the gas main was located, saw Lee's men working on the shoulder on the day of the accident and did not warn them.

Verdict was entered against both Julian and Lee in the sum of $32,042.62. Lee withdrew all of its post-trial motions but Julian's motion for judgment n.o.v. was granted. The circumstances of this case are cov-

ered by two sections of the Restatement 2d, Torts, §427, which provides: "§427. Negligence as to Danger Inherent in the Work. One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."[1]

The record reveals that Julian knew that plaintiff maintained a high pressure gas main under the precise ground wherein Lee would drive down its posts to install the guard fence. Julian knew or had reason to know that if the gas main were broken in the course of driving down a fence post, plaintiff would suffer severe damage. Reasonable prudence dictates that Julian advise Lee of the danger and not rely on Lee's employees finding it out for themselves.

Moreover, section 416 provides: "§416. Work Dangerous in Absence of Special Precautions. One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise." An analysis of this section reveals its applicability to the instant matter and establishes liability on the part of Julian.

Even though Lee obtained from the Department of Highways plans and specifications clearly indicating

---

[1] The words "physical harm" include harm to the physical condition of land and chattels: Restatement 2d, Torts, §497, comment b.

the existence of the high pressure line, its employees either failed to notice or ignored its location. Furthermore, Julian knew that it was Lee's uniform practice to depend on the state inspector to stake out the exact location of the guard railing fence. It cannot be said as a matter of law that a reasonably prudent man who had been doing business with Lee for years and was aware of its usual practice and never specifically mentioned the plans to Lee or requested it to check them, would be free from liability for neglecting to warn Lee of the presence of the gas main.

Sections 416 and 427 recognize that there exists a vicarious liability on the part of an employer of an independent contractor, which imposes upon the former responsibility in damages for the negligence of the latter, regardless of the fault of the former. In the instant situation, there is clearly fault on the part of Julian so that an analysis limited to vicarious liability is not necessary to resolve the matter.[2] Nonetheless, we deem it time enough that we adopt sections 416 and 427 as the law of this Commonwealth and are satisfied that we may rest our decision on those sections.

Judgment n.o.v. is vacated, and judgment is entered on the verdict.

Mr. Chief Justice BELL, Mr. Justice JONES and Mr. Justice ROBERTS concur in the result.

---

[2] We are satisfied that under *Skoda v. West Penn Power Company*, 411 Pa. 323, 191 A. 2d 822 (1963), the intervening negligent act of Lee was not a superseding cause of harm to plaintiff, since Julian, at the time of his negligent conduct, should have realized that Lee might so act. Restatement 2d, Torts, §447.