528 A.2d 1355

**Angelo ORTIZ and Illuminada Ortiz, Appellants,**

**v.**

**RA–EL DEVELOPMENT CORP. and Arnko Builders, Inc., Appellees.**

**Angelo ORTIZ and Illuminada Ortiz**

**v.**

**RA–EL DEVELOPMENT CORP. and Arnko Builders, Inc.**

**Appeal of ARNKO BUILDERS, INC.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1986.

Filed July 17, 1987.

Petition for Allowance of Appeal Denied Dec. 21, 1987.

50

Armin Feldman, Philadelphia, for appellants in No. 1205 and for appellees in No. 1385.

Elizabeth A. Berryman, Philadelphia, for appellant in No. 1385 and for appellee in No. 1205.

Lawrence L. Robinson, Philadelphia, for RA–EL, appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

BECK, Judge:

Appellant Angelo Ortiz was a laborer in the employ of A–V Brick Corporation ("A–V"). He was injured on the job when a fourteen-foot high scaffold on which he was working collapsed. He was on the scaffold erecting masonry walls for a warehouse owned by appellee Ra-El Development Corporation ("Ra-El"). Ra-El contracted for the work with Arnko Builders, Inc. ("Arnko") as the general contractor. Arnko in return subcontracted with Ortiz's employer A–V.

Ortiz brought suit against Ra-El and Arnko, claiming that A–V was negligent in failing to assemble the scaffolding in accordance with standards promulgated by the Occupational Safety and Health Administration (OSHA); that his working on an improperly-assembled scaffold posed a "special danger" or "peculiar risk"; and that this risk was foreseeable by Ra-El and Arnko. He contends that Ra-El and Arnko should be held liable under the "peculiar risk" or "special danger" exception to the general rule that the employer of an independent contractor is not liable for the contractor's negligence.

The trial court found that no special danger or peculiar risk existed and granted Ra-El's motion for summary judgment. This appeal primarily reviews the dispute between Ra-El and Ortiz.[1] An order granting summary judgment in favor of one of several defendants is appealable as a final order. Ortiz's appeal is therefore properly before us. *Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978).

---

**1.** Arnko had previously moved for summary judgment on the ground that it was immune from tort action as a statutory employer under the Workmen's Compensation Act. Pa.Stat.Ann. tit. 77, §§ 21, 52 (Purdon 1982). The court denied summary judgment. Arnko's appeal as cross-appellant in the instant action is proper. With respect to summary judgment in favor of Ra-El, Arnko is an aggrieved party, and the order is appealable as a final order. *Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978). As Arnko presents no independent contentions and simply joins in Ortiz's appeal and brief, we refer to Ortiz alone in our consideration of the grant of summary judgment in favor of Ra-El.

Summary judgment will be granted only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. On appeal from a grant of summary judgment, we review the record in the light most favorable to the losing party. *Ibid.* We find the trial court was correct in granting summary judgment in favor of Ra-El and we therefore affirm.

■ Under the facts of this case Ra-El is the employer of the independent contractor, A–V. As a general rule, "[t]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Restatement (Second) of Torts § 409 (1965); *Hader v. Coplay Cement Co.*, 410 Pa. 139, 189 A.2d 271 (1963). However, an exception to the general rule has developed where the work to be performed by the independent contractor involves special danger or peculiar risk [2].

The rationale underlying liability is that an employer of the independent contractor ought to anticipate a heightened level of risk where the work is specially dangerous or peculiarly risky. It is reasonable for the employer to take precautions or cause the independent contractor to take precautions to minimize the possibility of injury to others. After all, it is the employer who primarily benefits from the contractor's work and the employer who selects the independent contractor. Furthermore, the employer is in a position to make the selection of the independent contractor based on competency. The employer also may demand indemnity from the contractor. Finally, the employer, anticipating the risk, can purchase insurance to cover it. *Aceves v. Regal Pale Brewing Co.*, 24 Cal.3d 502, 509, 156 Cal.Rptr. 41, 44, 595 P.2d 619, 622 (1979).

Pennsylvania has specifically adopted the exception to the employer's non-liability as found in sections 416 and 427 of

---

**2.** We note the two phrases, "special danger" and "peculiar risk," are used interchangeably by the courts. Prosser, The Law of Torts § 71, n. 44 (5th ed. 1984); *see also* Restatement (Second) of Torts § 427 comment a (1965).

the Restatement (Second) of Torts. *Philadelphia Electric Co. v. James Julian, Inc.,* 425 Pa. 217, 228 A.2d 669 (1967). These sections provide:

> § 416.  Work Dangerous in Absence of Special Precautions
>
> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.
>
> § 427.  Negligence as to Danger Inherent in the Work
>
> One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

■ The question then becomes, what constitutes a "special danger" or "peculiar risk"?  Until now, no Pennsylvania appellate court has enunciated a precise definition of these terms.  We hold that a special danger or peculiar risk exists where:

1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures;  and

2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.

The instant case causes us to examine the second prong of the test. The second prong requires that "the risk is different from the usual and ordinary risk associated with the general type of work done; i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary." This prong focuses on the nature of the work to be performed and involves a two-step analysis. First, we examine the risk that would be posed by the general type of work to be performed under typical circumstances. In the instant case the general type of work to be performed is working on a scaffold, which typically is at least a few feet off the ground. We conclude that this is not specially dangerous. Next, we determine whether the circumstances under which the general work is done, i.e., the specific project or task, introduces a different kind or level of risk. Here again we conclude that the specific project or task, working on a scaffold fourteen feet off the ground, did not pose a risk much greater than that posed by the general work of being on a scaffold a few feet off the ground, and is therefore not specially dangerous. Hence, Ortiz has failed to establish that his injury was the result of a risk "different from the usual and ordinary risk associated with the general type of work done."

This prong can be clarified by illustration. For example, in *Heath v. Huth Engineering, Inc.*, 279 Pa.Super. 90, 420 A.2d 758 (1980), an employer was held liable for the death of an independent contractor's worker, who was digging a sewer trench and was killed when a negligently shored wall of the trench collapsed on him. The "general type of work done" was digging; the "specific project or task" was excavating a sewer trench. The employer would be liable under our test because it was not the general type of work done, the digging, that caused Heath's injury, but the specially dangerous circumstances under which the digging was done, i.e., in a sewer trench. *See also Dudash v. Palmyra Borough Authority*, 335 Pa.Super. 1, 483 A.2d 924 (1984). It is the employer who chooses the specific project or task to be done; it is the employer who should be

liable for injuries caused by the heightened risk of the circumstances of the task he sets.

In *Colloi v. Philadelphia Electric Co.*, 332 Pa.Super. 284, 481 A.2d 616 (1984), an employee was engaged in digging beneath an electric substation in an effort to repair a broken water pipe. He struck an electrical conduit carrying a current of 13,200 volts and was burned. There the court noted the special danger posed by the circumstances under which the digging was taking place: "The contractors' agents were fully aware that they were excavating beneath an electrical substation, yet neither took any steps to ascertain whether there were power lines in the area to be excavated." Id. at 622–23. The employer of the independent contractor was held liable for Colloi's injuries. Here again the general task of digging was not specially dangerous but the circumstances surrounding the specific task made it specially dangerous.

In the instant case, the general task of working on a scaffold is not specially dangerous and we conclude there are not circumstances surrounding the specific task which made the work specially dangerous.

Appellant would like us to eliminate the second prong from the test, i.e., the risk is different from the usual and ordinary risk associated with the general type of work done. We decline to do so.[3] To characterize all construction work or all scaffold work as involving a special danger or peculiar risk would render the terms "special danger" or "peculiar risk" meaningless:

> In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed.

3.  We note that some other jurisdictions, such as Colorado and California, have broadened the definition of special danger and peculiar risk so that the exceptions to non-liability almost swallow the general non-liability rule. Prosser § 71 n. 9.

*Marshall v. Southeastern Pa. Transp. Auth.,* 587 F.Supp. 258, 264 (E.D.Pa.1984); *see also* Restatement (Second) of Torts § 413 comment b.   All construction work involves a risk of some harm;   only where the work is done under unusually dangerous circumstances does it involve a "special danger" or "peculiar risk." [4]

Ortiz also contends that the distinction between ordinary risk and peculiar risk should be for the factfinder.   However, "[t]he determination is a mixed question of law and fact, and may, in clear cases, be made by the trial judge as a matter of law." *McDonough v. United States Steel Corp.,* 228 Pa.Super. 268 n. 6, 324 A.2d 542, 546 n. 6 (1974). In the instant case, routine construction work on a fourteen-foot high scaffold clearly involves no special danger or peculiar risk.   The trial court correctly decided that this exception to the general rule of nonliability of the employer of an independent contractor is not applicable in the instant case.   We therefore affirm the trial court's grant of summary judgment in favor of Ra-El.

Order affirmed.

CAVANAUGH, J., files concurring statement.

CAVANAUGH, Judge, concurring:

I concur in the result reached by the majority.   I respectfully disagree with what appears to be an artificial distinction among a variety of activities which may or may not be classified as constituting a special danger or peculiar risk. Nonetheless, I would not reach this issue for the reasons set forth in my concurring opinion in *Colloi v. Philadelphia Electric Company,* 332 Pa.Super. 284, 481 A.2d 616 (1984). I remain convinced that §§ 416 and 427 of Restatement (Second) of Torts were intended to provide a basis of

**4.**  Since we determine that Ortiz has not shown that the work encompasses special danger or peculiar risk, we need not address Ortiz's contention that employees of independent contractors are among the third parties to whom duties under sections 416 and 427 flow.   We note, however, that *Colloi v. Philadelphia Elec. Co.,* 332 Pa.Super. 284, 481 A.2d 616 (1984) supports Ortiz's contention.   *See also, Hargrove v. Frommeyer & Co.,* 229 Pa.Super. 298, 323 A.2d 300 (1974).

recovery by third parties, not employees of independent contractors or subcontractors.