## Bucha v. E.J.J. Mickley Roofing Inc.

*Dennis G. Charles,* for plaintiff.

*Jeffrey R. Dimmich,* for defendant E.J.J. Mickley Roofing.

*Daniel Altschuler,* for defendant Victaulic Co. of America.

WILLIAMS, *P.J.,* September 21, 1988—This case is presently before the court on defendant Victaulic Company of America's motion for summary judgment. Counsel have submitted briefs and, after a careful review of the record compiled in this matter, we find the following to be relevant.

On March 29, 1983, plaintiff was struck on the head and injured by an 11-foot-long cardboard tube. The tube served as the core around which roofing material had been wrapped. At the time of the impact, plaintiff was an employee of Rarlon Iron Works and was engaged in putting up aluminum siding. Plaintiff worked on a scaffold below a roof where defendant E.J.J. Mickley Roofing Inc. had substantially completed the installation of a Carlisle roof. Both Mickley and Rarlon were subcontractors of the general contractor, Thomas A. Armbruster Inc. Victaulic and Armbruster had entered into a contract which provided that Armbruster would construct an addition to Victaulic's Forks Township plant. The addition was to be attached to an existing building.

Victaulic argues that it is entitled to summary judgment because it retained no control over the manner in which Armbruster performed its duties under the contract. Armbruster was free from Victaulic's supervision. Victaulic contends, therefore, that it cannot be liable for injuries resulting from hazards created by the job.

Defendant Mickley contends that a factual issue exists as to whether Victaulic retained partial con-

trol over the premises. Mickley bases its position on the fact that it was not present on the job site from March 15, 1983, until the end of April 1983. As an additional ground for denying Victaulic's request, Mickley argues that Victaulic is vicariously liable for any negligence which Mickley may have committed under the Restatement (Second) of Torts, §§416 and 427.

Plaintiff also argues the applicability of sections 416 and 427 to the facts at bar. Plaintiff's position is that Victaulic knew of the high winds which frequented the construction site and that those winds constituted a "peculiar risk" which required Victaulic to take precautions against accidents occurring. The winds also imputed to Victaulic a duty to exercise reasonable care by virtue of its position as a landowner under the Restatement (Second) of Torts §§343 and 343A. Plaintiff's third argument against Victaulic's motion is that as a possessor of the land, who retains possession of the land during the progress of the work, Victaulic is liable to third parties harmed by the unsafe condition of the structure under the Restatement (Second) of Torts, §§414 and 422.

We find as a matter of law that Victaulic failed to exercise any control over Armbruster's performance as general contractor. In addition, the roofing job did not involve a peculiar risk of harm to any of the employees of the general contractor such that Victaulic should be held vicariously liable. We are compelled to rule, therefore, that Victaulic completely lacks legal responsibility for plaintiff's injuries.[1]

---

1. Restatement (Second) of Torts, §§410-415, address the employer's own negligence in the hiring of an independent contractor when the work to be done creates a peculiarly unreasonable risk of harm, while sections 416 to 429 address the

194

In considering a motion for summary judgment, we must apply Pa. R.C.P. 1035(b), which directs a court to enter summary judgment "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court is to enter such a judgment only in clear cases where there is no doubt as to the absence of a triable issue of fact. *Mariscotti v. Tinari*, 335 Pa. Super. 599, 601, 485 A.2d 56, 57 (1984); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982); Pa. R.C.P. 1035(b). All doubts as to the existence of a genuine issue of material fact are to be resolved against the party moving for summary judgment, *Thorsen v. Iron and Glass Bank*, 328 Pa. Super. 135, 141, 476 A.2d 928, 930 (1984); *Williams v. Dobransky*, 304 Pa. Super. 483, 488, 450 A.2d 1015, 1017 (1982), and all favorable inferences inure to the benefit of the non-moving party. *Graf v. State Farm Insurance Co.*, 352 Pa. Super. 127, 129, 507 A.2d 414, 415 (1986).

The general rule that the employer of an independent contractor is not responsible for the negligent acts or omissions of the contractor, or its employees, disposes of the motion before us. *Hader v. Coplay Cement Co.*, 410 Pa. 139, 189 A.2d 271 (1963); *Ortiz v. Ra-El Development Corp.*, 365 Pa. Super. 48, 52, 528 A.2d 1355, 1357 (1987); *McDonough v. United States Steel Corp.*, 228 Pa. Super 268, 273, 324 A.2d 542, 545 (1974). An exception to this rule involves the extent to which the

employer's vicarious liability for the contractor's negligence. *Gonzalez v. United States Steel Corp.*, 248 Pa. Super. 95, 105, 374 A.2d 1334, 1339 (1977).

employer of the independent contractor retained control over the work delegated to the contractor. Liability may be imposed if the employer fails to use reasonable care in the exercise of that control. *Crane v. I.T.E. Circuit Breaker Co.*, 443 Pa. 442, 278 A.2d 362 (1971); Restatement (Second) of Torts, §414.

Cases involving this exception to the general rule of non-liability arise from disputes over the definition of "control." Resolution of this issue necessitates an inquiry into the contractor's duties and the employer's activities with respect to those duties. Comment (C) to section 414 provides guidance as to when the rule applies:

"The employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way."

Based upon the depositions, the contracts and other evidence of record, we find absolutely no facts supporting plaintiff's and defendant Mickley's theory that Victaulic controlled operations on the job site. Harrison Beers, Armbruster's carpenter foreman who supervised the job, stated that he dealt with Phil Koelle, a Victaulic employee, on a daily basis. However, Beers testified that Koelle's function simply was to monitor and inspect the progress of the job. *Id.* The Restatement clearly provides that

an employer's right to inspect progress or to receive reports is insufficient to impose liability. The allegations of plaintiff and Mickley in no way raises a genuine issue of material fact that Victaulic inhibited Armbruster's ability to freely perform its contractual duties in its own way. *Hargrove v. Frommeyer & Co.*, 229 Pa. Super. 298, 310, 323 A.2d 300, 307 (1974); *Celender v. Allegheny County Sanitary Authority*, 208 Pa. Super. 390, 396, 222 A.2d 461, 464 (1966).

Mickley's statement that it was not present on the job site from March 15, 1983, until the end of April 1983, likewise does not raise a genuine issue of material fact as to Victaulic's control. Mickley's absence during that period of time cannot be used to impute control to Victaulic. Simply because Mickley did not work on the roof for approximately one month does not mean that Victaulic assumed control. This is especially so since we have found that Armbruster and *not* Victaulic controlled the job site.

As we have not imposed liability upon Victaulic by virtue of Restatement section 414, it follows that liability under section 422 is also not warranted. Section 422 provides:

"A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

"(a) while the possessor has retained possession of the land during the progress of the work, or

"(b) after he has resumed possession of the land upon its completion."

The disqualifying criterion is found in subsection (a): "while the possessor has retained possession of

the land during the progress of the work." (See also, comment (C) to this section.) Victaulic surrendered possession of the job site to Armbruster. While Victaulic maintained control of its building in the sense that it continued to operate its plant, we do not find that it "possessed" the land upon which the addition was constructed since it relinquished its right to control the work to Armbruster. To so hold would extend the liability beyond the scope of the rule.

Plaintiff and Mickley argue another theory of liability which we also find meritless. Both parties argue that the high winds which allegedly plagued construction constituted a "peculiar risk of harm" for which Victaulic is vicariously liable under Restatement sections 416 and 427.[2] The duties imposed by these provisions are non-delegable and impose vicarious liability on the employer of an independent contractor when the work involves heightened risks of physical harm to third parties. However, we find this exception inapplicable as no "special danger" or "peculiar risk of harm" exists in the facts before us.

Restatement section 416 provides:

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."

---

2. Both sections 416 and 427 were adopted by the commonwealth in *Philadelphia Electric Company v. Julian,* 425 Pa. 217, 219, 228 A.2d 669, 671 (1987).

Restatement section 427. provides:

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable· precautions against such danger."

Comment (a) to section 416 states that these two rules "represent different forms of statement of the same general rule, that the employer remains liable for injuries resulting from dangers which he should contemplate at the time that he enters into the contract."

The phrases "special danger" and "peculiar·risk" are used interchangeably. *Ortiz, supra.* A ":peculiar risk" is one that is different from the common risks to which individuals are generally subjected. More specifically, a peculiar risk is a special hazard resulting from the nature of the work to be done. *McDonough* at 275, 324 A.2d at 546. The risk must be inherent to the task or manner of performance and cannot be the ordinary negligence which might attend the performance of any task. *Ortiz, supra; McDonough, supra;* comment (d) to section 416. Liability will be imposed only if the negligence is intimately connected with the work and reasonably likely to occur. *Id.* Whether or not the job at issue involved a peculiar risk of harm is a question of law properly reserved for the court. *Marshall v. Southeastern Pennsylvania · Transportation Authority,* 587 F. Supp. 258 (E.D. Pa. 1984). All construction work involves a risk of harm, but it is only where the work is done under unusually dangerous circum-

stances that it involves a peculiar risk. *Ortiz* at 56, 528 A.2d at 1359.

We do not find that the wind created a peculiar risk of harm to the roofing job. The alleged negligence here, that of failing to secure the cardboard tube, did not arise from the job requirements imposed by Victaulic. *Ortiz* delineates a two-prong test for determining whether a peculiar danger exists:

"(1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and

"(2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the ordinary." *Ortiz* at 53, 528 A.2d at 1358.

We cannot conclude that Victaulic, at the time it contracted with Armbruster, should have foreseen the possibility of winds as well as the possibility of an employee failing to secure materials. All construction work involves a risk of harm, but it is only where the work is done under unusually dangerous circumstances that it involves a peculiar risk. *Ortiz* at 56, 528 A.2d at 1359. We do not find that the installation of the roof was conducted under "unusually dangerous circumstances." Plaintiff and Mickley have not pointed to facts of record, and our review has not disclosed any, that would raise an issue of material fact as to any unusual dangers of the roofing job. This being the case, we find that the injury resulted from collateral negligence and liability for it cannot be imposed upon Victaulic.

We can summarily dismiss plaintiff's argument that sections 343 and 343A impose liability on

Victaulic. Section 343 requires a landowner to warn an unknowing independent contractor of existing dangerous conditions on the landowner's premises where the conditions are known or discoverable to the owner. The duty of a landowner to warn turns on whether, at the time he entered the contract, he "possessed superior knowledge or information which puts him in a superior position to appreciate the risk posed." *Colloi v. Philadelphia Electric Co.,* 332 Pa. Super. 284, 292, 481 A.2d 616, 620 (1984). We do not find that, *at the time Victaulic entered the contract,* it possessed superior knowledge about the alleged windy weather conditions on the rooftop. Plaintiff supplies us with no facts to support its position. The only evidence tending to show that Victaulic knew of the wind did not come from Victaulic's employees, but from Mickley's, and did not attribute the knowledge of the wind to Victaulic at the time the contract was entered. As no issue of material fact is raised, we hold as a matter of law that Victaulic is free from liability under sections 343 and 343A.

### ORDER OF COURT

And now, September 21, 1988, defendant Victaulic Company of America's motion for summary judgment is granted.