594 A.2d 711

**Stephen W. PEFFER, Appellant,**

**v.**

**PENN 21 ASSOCIATES, Morris Schwab, Holy Spirit Hospital of the Sisters of Christian Charity, and Hayes, Large, Suckling, Fruth and Wedge.**

Superior Court of Pennsylvania.

Argued June 12, 1991.

Filed July 25, 1991.

John P. Hohenadel, Lancaster, for appellant.

Stephen L. Grose, Harrisburg, for appellees.

Before CIRILLO, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Stephen W. Peffer, appellant, takes this appeal from the July 19, 1990, Order granting appellees', Penn 21 Associates and Morris Schwab, motion for summary judgment.

On February 28, 1985, appellant, an employee of Steel Building Erectors, Inc., was seriously injured while working on a construction site owned by Penn 21 Associates. Appellant averred that while standing on a ladder, tightening bolts in the steel beams which were to become part of the structure's roof, the ladder kicked out from under him causing him to be thrown through an opening in the flooring to the ground 48 feet below.

Almost two years later, in February, 1987, appellant initiated a negligence suit against Penn 21 Associates, the owner of the building under construction; Morris Schwab, general partner of Penn 21; the Holy Spirit Hospital of the Sisters of Charity, which it was believed owned the property on which the building was being constructed; and the architectural firm of Hayes, Large, Suckling, Fruth and Wedge. Howard Hogg, the general contractor on the construction project, was joined as an additional defendant but later the action against him was discontinued with prejudice. The parties also stipulated to discontinue without prejudice the action against Holy Spirit. On June 21, 1989, the court granted defendant Hayes' motion for summary judgment. Penn 21 and Schwab remain as the sole defendants in this suit and appellees herein.

Appellant argues the court erred by granting appellees' motion for summary judgment because a genuine issue of material fact existed; whether appellant's working on a ladder in an area which allegedly did not conform with safety standards constituted a special danger or peculiar risk, thereby invoking appellees' liability for personal injuries resulting from his fall.

■ This Court will overturn a trial court's Opinion only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 549 A.2d 1311 (1988). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the lower court's conclusion that no genuine issue of material fact exists and that the moving party is entitled to judg-

ment as a matter of law. Pa.R.C.P. 1035. *See Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Insurance*, 380 Pa.Super. 167, 551 A.2d 283 (1988). Summary judgment should not be entered unless the case is free from doubt. *Hathi v. Krewstown Park Apts.*, 385 Pa.Super. 613, 561 A.2d 1261 (1989).

In its Opinion granting appellees' motion for summary judgment, the court discussed the liability of employers, owners, contractors and subcontractors for work-related injuries suffered by employees on the job. As stated supra, the appellees are the owners of the construction project at which appellant was hurt. Appellees contracted with general contractor Hogg who, in turn, contracted with subcontractor Steel Building Erectors, Inc., appellant's employer. The relationship between the parties is identical to that which existed in the leading case on this issue, *Ortiz v. Ra-El Development Corp.*, 365 Pa.Super. 48, 528 A.2d 1355 (1987), *alloc. denied*, 517 Pa. 608, 536 A.2d 1332 (1987). The *Ortiz* court reiterated the general Restatement of Torts, which states an "employer of an independent contractor is not liable for the physical harm caused by another by an act or omission of the contractor or his servants." *Id.*, 365 Pa.Superior Ct. at 52, 528 A.2d at 1357. *See* Restatement (Second) of Torts, § 409 (1965).[1] An exception to this general rule of non-liability arises where the work to be performed by the independent contractor, herein appellant's employer, involves a special danger or peculiar risk. Pennsylvania has adopted this exception to an employer's non-

1. For liability purposes, Ra–El, owner of the construction site, was the employer of Ortiz' employer, independent contractor A–V Brick Corporation, and potentially liable for injuries suffered by Ortiz. This is so despite the fact it was general contractor Arnko Builders, and not Ra–El, who contracted with A–V. *See Hargrove v. Frommeyer & Co.*, 229 Pa.Super. 298, 323 A.2d 300 (1974). Accordingly, here, appellees are considered the employer of appellant for the purpose of possible personal injury liability.

liability as set forth in sections 416 and 427 of Restatement (Second) of Torts:

### § 416.  Work Dangerous in Absence of Special Precautions

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

### § 427.  Negligence as to Danger Inherent in the Work

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

*Id.* *Ortiz* held a special danger or peculiar risk exists where:

1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures;  and

2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary [sic].

*Ortiz*, 365 Pa.Superior Ct. at 53, 528 A.2d at 1358.

■ Appellant alleged his work area did not comply with federal and state safety regulations and contends appellees should have foreseen the possibility of a fall such as that

suffered by appellant. Considering these allegations in the light most favorable to appellant as plaintiff, we agree with the trial court and find the appellees could have foreseen the risk of workers falling from the upper decks if adequate safety precautions were not taken. Violation of safety conditions alone, however, cannot be a basis for carving out exceptions to the rule that the owner is not liable for injuries incurred by employees of a subcontractor, as to do so would nullify the rule for all practical purposes since many, if not most, industrial accidents can be attributed to a failure to comply with safety regulations of either state or federal agencies.

The *Ortiz* test is, however, a two-part test, the second prong of which the appellant has failed to satisfy. A peculiar risk[2] exists if the danger encountered is different than that normally associated with the general type of work being done. Appellant was employed by a company which is in the business of erecting buildings. More often than not, constructing any type structure necessitates above the ground work requiring the use of a ladder. The risk of falling from a ladder is an ordinary risk associated with the construction of all buildings.[3]

Appellant's allegations of safety violations existing in the work area surrounding the ladder from which he fell were not substantiated. Also, in addressing the identical ques-

2. As noted in footnote 2 of the *Ortiz* Opinion, the terms "peculiar risk" and "special danger" may be used interchangeably. *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 528 A.2d 1355 (1987), *alloc. denied*, 517 Pa. 608, 536 A.2d 1332 (1987).

3. The broader implication of the restatement would be more consistent to application to third parties, who might, for example, be injured by falling debris from overhead work or uncontrolled acid spray from cleaning buildings. The employer/landlord could be liable for injuries from toxic waste he buried on the premises, a buried power line of which a contractor had no knowledge, *Colloi v. Philadelphia Electric Co.*, 332 Pa.Super. 284, 481 A.2d 616 (1984), or failure to provide adequate lighting at night in a work area controlled by the landowners for work which was inherently dangerous. *McDonough v. U.S. Steel Corp.*, 228 Pa.Super. 268, 324 A.2d 542 (1974). *Ortiz* did not amplify upon this aspect of the restatement, although in his concurring statement, Cavanaugh, J., would have limited the application of the restatement to third parties.

tion (i.e. safety violations allegedly causing injury), the *Ortiz* court stated:

> In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed.

*Ortiz*, 365 Pa.Superior Ct. at 55, 528 A.2d at 1359. Citing *Marshall v. SEPTA*, 587 F.Supp. 258, 264 (E.D.Pa.1984).

■ In this case, the trial court correctly found construction work on a ladder while tightening bolts of a steel structure is not a peculiar risk for an individual employed by a steel erector company. The exception to the general rule of non-liability of the employer of an independent contractor is not applicable to the case presently before us and summary judgment in favor of appellees was proper.

Order affirmed.