Lowrey  v.  Jervis  B.  Webb  Co.

C.P. of York County, no. 92-SU-03891-01.

*Jan S. Barnett,* for plaintiffs.
*Robert A. Lerman,* for defendants.

KENNEDY, *J.,* March 26, 1996—This matter comes before the court on the motion for summary judgment of defendant, Jervis B. Webb Company. Briefs have been filed and oral argument was held April 11, 1995. For the following reasons this motion will be refused and denied.

## FACTS

The subject of this suit arises from an accident that occurred on February 2, 1992. The plaintiff, Patrick D. Lowrey, in the course of his employment, fell through an approximately three foot by three foot hole while walking on a metal grate floor suspended above the production area in Building 2 of the Harley Davidson plant in York, Pennsylvania. As a result of the fall experienced by plaintiff, he suffered various injuries including a fracture of his neck resulting in paraplegia. At the time of the accident, plaintiff was an employee of DanMar Installations Inc. DanMar was a subcontractor for defendant, Jervis B. Webb Company. Jervis B. Webb Company was a general contractor under contract with Harley Davidson Inc., to perform various alterations to automated assembly lines at the Harley Davidson plant in York, Pennsylvania.

## ISSUE

The defendant, Jervis B. Webb Company, contends that summary judgment should be granted because it

had no contractual duties in regard to the opening through which the plaintiff fell, had no knowledge of the opening's existence, and did not create or control the opening. Defendant further contends that it owed no legal duty to Mr. Lowrey to ensure his safety near the opening in the screen guarding. These are all questions of fact to be determined at trial by the jury.

## DISCUSSION OF LAW AND ANALYSIS

In a motion for summary judgment the moving party is entitled to judgment as a matter of law only if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Mariscotti v. Tinari,* 335 Pa. Super. 599, 485 A.2d 56 (1984); 42 Pa.C.S. §1035. The moving party bears the burden of proof and the record must be examined in the light most favorable to the non-moving party. *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989).

Our function as the court in ruling on a motion for summary judgment is not to determine facts, but only to determine if a material issue of fact exists. *McDonald v. Marriott Corp.,* 388 Pa. Super. 121, 564 A.2d 1296 (1989). Thus, if the only issue at trial would be the legal effect of the facts, summary judgment can be granted. "[S]ummary judgment may be granted only in cases where the right is clear and free of doubt." *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174-75, 507 A.2d 323, 331 (1986).

Regarding the contractual duties of Jervis B. Webb Company, we find that both the contract between Harley Davidson and Webb, and the contract between Webb and DanMar specifically incorporate the requirements

of the Occupational Safety and Health Act. The regulations are included in the construction contracts as a matter of federal mandate. They are self-executing, and regardless of whether or not they are actually expressly incorporated into the contract, they apply as a matter of law. Several OSHA regulations appear to be specifically on point. 29 C.F.R. §1926.10(a) requires that:

"No contractor or subcontractor contracting for any part of the contract work shall require any laborer or mechanic employed in the performance of the contract to work in surroundings or under working conditions which are unsanitary, hazardous, or dangerous to his health or safety, as determined under construction safety and health standards promulgated by the secretary by regulation."

In addition to this, 29 C.F.R. §1910(a), (7) & (8) and 29 C.F.R. §1926.500(b)(1), (7) & (8) pertain to the guarding of floor openings and floor holes and the protection of floor openings. These regulations create contractual duties upon the defendant. There remains the question of whether Jervis B. Webb Company, by its actions, complied with these applicable OSHA regulations to ensure a safe workplace.

The case of *Donaldson v. PennDOT*, 141 Pa. Commw. 474, 596 A.2d 269 (1991), *alloc. denied*, 530 Pa. 667, 610 A.2d 46, and 531 Pa. 648, 612 A.2d 986 (1992) is directly on point to the instant case. In *Donaldson* the same basic contractual relationship exists as in this case. An employee of the subcontractor, Fay Company, was injured, and the general contractor, Dick Corporation, claimed it owed no legal duty to the injured

plaintiff. They argued that general contractors are responsible for the safety of only their own employees and any subcontractor takes sole responsibility for the safety of its employees. The Commonwealth Court refused to accept this argument and held that:

"[While] it is true that a subcontractor who signs a contract containing these provisions [OSHA provisions and the like] is responsible for the safety of its work area. That duty, however, is not a substitute for the duty of the general contractor. Rather, the subcontractor's duty along with the duty of the general contractor is applicable to all work performed under the contract." *Id.* at 484, 596 A.2d at 269.

The contractual duty of the Jervis B. Webb Company is a question of fact over which the parties differ. It can only be resolved at trial.

Considering the issue of whether defendant, Jervis B. Webb Company, owed a legal duty to Mr. Lowrey to ensure his safety near the opening in the screen guarding, there arise numerous genuine issues of material fact. There is a question of fact surrounding whether Mr. Lowrey's activity on top of the screen guarding was a foreseeable activity under Webb's contract with DanMar.

Defendant claims that the contract between Webb and DanMar did not require DanMar to do any work in the area of the hole in the screen guarding. Plaintiff presents arguments quite to the opposite, maintaining that Mr. Lowrey's activities on top of the screen guarding were quite ordinary and foreseeable in the course of DanMar's work. Going on top of the screen guarding

to ensure that the drive unit on the conveyor belt was turned off was just a normal part of Mr. Lowery's job according to the plaintiff. These two views are opposite and must be resolved by a jury. There is another question of fact concerning whether the hole through which Mr. Lowrey fell was a peculiar risk of physical harm as defined in section 416 Restatement (Second) of Torts, which reads:

*"Section 416. Work Dangerous in Absence of Special Precautions.*

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."

The plaintiff argues citing *Cox v. Turner Construction Co.,* 373 Pa. Super. 214, 540 A.2d 944 (1988), *alloc. denied,* 522 Pa. 603, 562 A.2d 826, and 522 Pa. 605, 562 A.2d 827 (1989) that the term "peculiar risk" as used in section 416 is in common usage and has a clear meaning. As such, the plaintiff asserts that the hole in the screen guarding clearly presents a peculiar risk of physical harm. Defendant maintains that under *Ortiz v. Ra-El Development Corp.,* 365 Pa. Super. 48, 528 A.2d 1355 (1987) the peculiar risk doctrine should be viewed narrowly, and that violation of safety conditions alone cannot be the basis for finding that the peculiar risk doctrine applies.

The *Ortiz* case sets forth a two part test whereby it can be determined whether a "peculiar risk" exists associated with work performed by an independent contractor, so as to impose liability on the employer of the independent contractor for physical harm caused to another by an act or omission of the general contractor. The test requires that "the risk is foreseeable to the employer of the independent contractor," and secondly, the risk must be different from the "ordinary risk associated with the general type of work done, *i.e.*, the specific project or task chosen by the employer involves circumstances that are substantially out of the ordinary." *Id.* at 53, 528 A.2d at 1358.

Thus, there exists questions of fact for a jury as to whether the hole in the screen guarding was a risk foreseeable to the Jervis B. Webb Company and whether the hole in the screen guarding was out of the ordinary and constituted a peculiar risk.

This opinion does not purport to set forth every and all genuine issues of material fact. There are numerous other questions of fact which we leave to the parties to bring before the jury at trial.

Accordingly, we enter the following order.

## ORDER

The motion for summary judgment of defendant, Jervis B. Webb Company, is refused and denied.

The prothonotary is directed to send notice of this order to all parties of record.