## Chernokal v. Waste Resource Energy Inc.

C.P. of Delaware County, no. 95-1169.

*Michael-John Goodnow,* for plaintiff.
*Lynn Coughlin,* for defendant.

BRADLEY, *J.,* May 10, 1996—Plaintiff James Chernokal instituted this suit to recover for injuries he sustained in a slip and fall while working for Foulke Associates Security at the facilities of defendant Waste Resource Energy Inc. WREI moved for summary judgment on the grounds that a landowner has no duty to maintain a safe property for the benefit of an independent contractor or its employees absent a peculiar risk or special danger of which WREI should have

been aware. For the reasons described below, summary judgment was granted.

Plaintiff was employed as a security guard by Foulke Associates Security at the time of his accident. Foulke had been retained by WREI to provide border security services at the waste treatment facility owned by WREI. At the facility, independent trash haulers drive flatbed trucks by the scale house area as they depart. Plaintiff alleges that he slipped on "slop" that fell from the trucks as they exited. In his deposition, the plaintiff admitted he knew that "slop" fell from trucks in the area where he slipped just outside the scale house. In his answers to requests for admissions, however, the plaintiff admits that although he knew "slop" routinely accumulated in this general area, he did not notice the specific "slop" he alleges caused his fall.

Plaintiff's job duties with Foulke included checking people and vehicles before allowing them access to the waste treatment facility. Although he spent the majority of time in a guard shack, his duties also included leaving the shack to stop cars going in the wrong way and questioning people who shouldn't have been on the property. On the day of the incident, he left the guard shack to stop an unauthorized vehicle coming in the wrong way when he slipped.

Summary judgment was granted in defendant's favor because as an employer of an independent contractor, the defendant is not liable for injuries sustained by the contractor, or its employees, while performing work on the premises of the employer. *Hader v. Copley Cement Mfg. Co.*, 410 Pa. 139, 150, 189 A.2d 271, 277 (1963); *Ortiz v. Ra-El Development Corp.*, 365 Pa. Super. 48, 52, 528 A.2d 1355, 1357 (1987), *alloc. denied*, 517 Pa. 608, 536 A.2d 1332 (1987). It is undisputed that Chernokal was an employee of Foulke Associates

Security, an independent contractor, and was injured while working on the premises of the employer, WREI. The only exception to the general rule of no liability arises where the work to be performed by the independent contractor involves special danger or peculiar risk. *Ortiz, supra* at 54, 528 A.2d at 1357. In *Ortiz,* the court held that a "special danger" or "peculiar risk" exists where:

"(1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, *i.e.,* a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and

"(2) the risk is different from the usual and ordinary risk associated with the general type of work done, *i.e.,* the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary." *Id.* at 53, 528 A.2d at 1358. The Restatement (Second) of Torts embodies this exception in sections 416 and 427.

In the instant case, assuming that WREI could have foreseen the risk of "slop" falling off trucks in the area where security personnel were required to patrol and recognized the need to take special measures, thereby satisfying the first prong of the test, it is clear that the plaintiff cannot satisfy the second part of the test. A peculiar risk exists if the danger encountered is different than that normally associated with the general type of work being done. *Peffer v. Penn 21 Associates,* 406 Pa. Super. 460, 594 A.2d 711 (1991). Mr. Chernokal was engaged in the specific task of stopping an unauthorized vehicle when he was hurt. An ordinary risk in stopping traffic is that debris will be present on the roadway. Moreover, the plaintiff knew that "slop" routinely fell from trucks and accumulated in the area

where he fell. Encountering debris on a roadway while performing routine security duties is not a peculiar risk for an individual employed by a security guard company. To find otherwise would be to defeat the premise behind the peculiar risk doctrine that a landowner should be liable for not warning an independent contractor of dangerous conditions where the owner possesses superior knowledge or information that allows him to appreciate the risk posed to the contractor by the dangerous condition. As plaintiff has admitted knowing that "slop" fell from trucks in this area, there is no evidence whatsoever demonstrating that the defendant had superior knowledge or information concerning the risks of encountering "slop" on the roadway.

The determination of whether a special danger or peculiar risk exists is a mixed question of fact and law and may, in clear cases, be made by the court as a matter of law. *Ortiz, supra.* Moreover, it is well-established that special danger or peculiar risk situations should be viewed narrowly. *Id.; Thomas v. City of Philadelphia,* 668 A.2d 292 (Pa. Commw. 1995). (further citations omitted) Given its narrow interpretation, this is a clear case where the peculiar risk exception is inapplicable to the facts. Accordingly, summary judgment was granted.

In his statement of matters complained of on appeal, plaintiff raises several issues. First, he challenges the order granting summary judgment as untimely asserting that further discovery would have revealed the presence of a genuine issue of material fact. Fatal to his argument is his failure to identify any facts which subsequent discovery might have disclosed which would invoke the peculiar risk exception discussed above. The court did not rely on defendant's "version" of the facts to reach its decision as plaintiff mistakenly avers, but rather

used plaintiff's own deposition, admissions and answers to interrogatories in granting summary judgment.

Finally, plaintiff argues that the court erred in relying on a memorandum opinion in the case of *Taylor v. Sterling Winthrop Inc.,* (E.D. Pa., December 4, 1995). Although this case was submitted by defense counsel in a reply memorandum of law, we did not rely on it. Our decision granting summary judgment was rendered based on the principles espoused in *Ortiz, supra,* and its progeny.

For all the foregoing reasons, summary judgment was properly granted in defendant's favor.