**Sieradzki v. Realen Homes Construction Co.**

C.P. of Bucks County, no. 93-05321-19-2.

*S. Richard Klinges,* for plaintiff.
*Elizabeth F. Walker* and *Michael N. Corr,* for defendant Realen Homes Construction.
*Daniel Krebbs,* for defendant Farmview Inc.

SCOTT, *J.,* June 3, 1997—Fryderyk Sieradzki has appealed our order dated April 21, 1997 granting summary judgment to Realen Homes Construction Co. Inc., and Farmview Inc., General Partner t/a Farmview Associates L.P. and Farmview Associates L.P. We offer the following opinion in support of that order.

On or about August 11, 1992, Sieradzki allegedly sustained injuries at a construction site. At the time of the accident, he was working as a laborer/carpenter for a subcontractor, Wagner General Contractors Inc., at the residential development project in question. Wagner Construction had been hired by the general contractor, defendant Realen. The real estate was owned by Farmview. The circumstances alleged in Sieradzki's complaint are that he was up on a steeply pitched roof, and slipped and fell to the ground when it began to

rain and the plywood roof became wet. Plaintiff asserts that the wet, steeply pitched roof created a peculiar risk/special danger.

Realen filed for summary judgment on the basis that as the employer of the independent contractor Wagner, Realen is not liable for any harm caused to Sieradzki. See *Mentzer v. Ognibene*, 408 Pa. Super. 578, 597 A.2d 604 (1991). We agreed and granted summary judgment for Realen.

Farmview filed for summary judgment on the basis that as the landowner, they are not liable for injuries sustained by an independent contractor's employee. See *Hader v. Coplay Cement Manufacturing Company*, 410 Pa. 139, 150, 189 A.2d 271, 277 (1963) and *Ortiz v. Ra-El Development Corp.*, 365 Pa. Super. 48, 51, 528 A.2d 1355, 1357 (1987). We agreed and granted summary judgment for Farmview.

On appeal, plaintiff does not dispute that Realen and Farmview as the general contractor and property owner respectively would not be liable to plaintiff as an employee of a subcontractor. Rather, plaintiff asserts that the peculiar risk/special danger doctrine would impose liability on the defendants in this case. Further, with respect to Farmview, plaintiff raises for the first time in its appeal, the issue that Farmview, as the landowner, owed a duty to warn plaintiff of an existing dangerous condition, *i.e.*, the condition of the roof. We will discuss each of these issues below.

Sieradzki asserts that both the landowner and the general contractor may be liable in situations involving a special danger or peculiar risk.[1] The peculiar risk doc-

---

1. The terms peculiar risk/special danger are interchangeable. See Prosser, the Law of Torts §71, N. 44 (5th Ed. 1984), cited in *Ortiz v. Ra-El Development Corp., supra.*

trine as described by the Superior Court in the case of *Ortiz, supra* at 53, 528 A.2d at 1358, is as follows:

"We hold that a special danger or peculiar risk exists where: (1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, *i.e.*, a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and (2) the risk is different from the usual and ordinary risk associated with the general type of work done, *i.e.*, the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary." (emphasis added)

In this case, Sieradzki asserts that the doctrine of peculiar risk/special danger applies to both Farmview and Realen. This position stems, in part, from the fact that they have the expert report of an engineer, whose opinion is that, "the roof upon which the plaintiff was working had an unusually steep pitch of 9-12 which is many times more dangerous than the usual 4 in 12 pitch roof and that the extremely steep pitch of the roof combined with the rain, would make the plywood extremely slick almost like a water slide." The mere fact that an expert asserts an opinion does not mandate a trial, especially in a case such as this where the issue is the application of the peculiar risk/special danger doctrine to undisputed facts. We do not find as a matter of law that the steep slope of the roof in wet conditions meets the criteria of a peculiar risk/special danger. It was the rain on the roof that caused the alleged slipperiness. Certainly, rain is a foreseeable circumstance at a construction site.

Plaintiffs assert on appeal that this court should not have granted summary judgment, since Farmview as the landowner owed a duty to warn plaintiff of an ex-

isting dangerous condition under *Colloi v. Philadelphia Electric Co.,* 332 Pa. Super. 284, 481 A.2d 616 (1984), and Restatement (Second) of Torts §343 (1965). Plaintiff never raised this defense in its briefs opposing the granting of summary judgment for the trial court's consideration. As such, this issue is waived on appeal, and will not be discussed further. (See Pa.R.A.P. 302(a).)

For the above reasons we entered the summary judgment in favor in Realen and Farmview.