Charles L. MOLES, Donna Moles
and Jar, Inc., Appellants,

v.

BOROUGH OF NORRISTOWN
and Geppert Bros., Inc.

v.

Kim Won HEE and Eun
Sook, husband/wife,

v.

Schultz Enterprises, Inc.

Commonwealth Court of Pennsylvania.

Argued June 4, 2001.
Decided July 11, 2001.

George J. Ozorowski, Plymouth Meeting, for appellants.

John Ehmann, Philadelphia, for appellees.

Before COLINS, Judge, McGINLEY, Judge and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Charles L. Moles, Donna Moles and JAR, Inc. (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) which granted the Borough of Norristown's (Borough) motion for summary judgment and removed Borough as a defendant in the case.

On March 7, 1995, there was a fire at 80–82 East Main Street, Norristown, Pennsylvania (Adjacent Property) which caused extensive damage to the structure on that property and a number of other buildings in the downtown area. Appellants own the property next to Adjacent Property, which is situated at 74–78 East Main Street and known as the Woolworth Building (Woolworth Building).

On March 8, 1995, the Borough's engineer, Hugh McKenna inspected the Woolworth Building and determined that it was not in any imminent danger of collapsing and was structurally stable. On that same day, the Borough solicited bids to demolish the properties that were condemned after the fire. The Borough selected Geppert Bros. Inc. (Geppert), a contractor that held itself out to be "demolition experts" and issued Geppert a permit to demolish the condemned properties.

On March 9, 1995, after further inspection, the Borough condemned the Woolworth Building. The inspectors found various code violations and had concerns about the structural integrity of the building. There was fire damage to joists, cracks in the second floor rear wall, standing water in the roofing system and damage to the east wall, which adjoined the building in which the fire began.

Also on March 9, 1995, Geppert demolished the Adjacent Building and in the process, damaged the east wall of the Woolworth Building, creating cavities in the wall.

On March 10, 1995, the inspector of the Woolworth Building wrote to the Borough engineers and outlined his finding from the previous day's inspection. The Borough

then notified Appellants that, pursuant to the inspector's report, the Woolworth Building was condemned and must be demolished.

The inspector was asked to reinspect the east wall of the Woolworth Building on the morning of March 10, 1995, due to the damage sustained during the demolition of the Adjacent Building. The inspector did so and submitted another letter to the Borough on March 10, 1995, relating to such. The letter noted the new problems and recommended that the demolition of the Woolworth Building commence immediately.

Appellants refused to demolish the building and challenged the Borough's decision. The Borough hired a second engineering company to inspect the building, and they came to the same conclusion, that the building needed to be demolished.

On March 24, 1995, Appellant filed a complaint in equity with the trial court and obtained a temporary restraining order enjoining the Borough from demolishing the Woolworth building, pending a full hearing. On April 5, after a hearing and site visit, the trial court rescinded the restraining order and found that the Borough had acted appropriately in condemning the Woolworth Building. Appellant appealed to our Court. We issued a stay enjoining the Borough from demolishing the Woolworth Building pending the outcome of the appeal. Appellants failed to post the required bond with this Court and the stay automatically dissolved pursuant to our Order of May 15, 1995.

On September 28, 1995, the Borough demolished the Woolworth Building. On January 10, 1996, Appellant's filed the present action against Norristown and Geppert, seeking money damages for the destruction of the Woolworth Building. On February 17, 2000, the Borough filed a motion for summary judgment alleging that the Appellant's causes of action were barred by governmental immunity and the doctrine of collateral estoppel. The trial court granted the motion for summary judgment on August 16, 2000.

On September 15, 2000, Appellant filed a praecipe for partial discontinuance wherein all claims and cross-claims were discontinued against Geppert and additional defendants.[1] On the same day, Appellant appealed the grant of summary judgment to this Court.[2]

Appellants contend that the trial court erred in granting the Borough's motion for summary judgment on the basis that what is commonly called the Pennsylvania Political Subdivision Tort Claims Act and collateral estoppel bar Appellant's claims.

Summary judgment is only appropriate when, after examining the record, there is no genuine issue of material fact, and the movant clearly established its entitlement to judgment as a matter of law. *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa.Cmwlth. 1, 645 A.2d 1370 (1994). When considering a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party, accepting as true all well-pleaded facts and all inferences to be drawn therefrom. *Id.*

## GOVERNMENTAL IMMUNITY

Section 8541 of the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S.

---

1. The Borough is the only defendant remaining in this suit.

2. Our review in the case where the trial court granted summary judgment is limited to whether there is was an error of law or an abuse of discretion. *Irish v. Lehigh County Housing Authority,* 751 A.2d 1201 (Pa. Cmwlth.2000).

§ 8541, provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The real property exception to local governmental immunity set forth in Section 8542(b)(3) of the Act provides:

(b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

(3) Real property. The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b)(3).

The expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires courts to interpret the exceptions to governmental immunity narrowly against injured plaintiffs. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The real property exception applies only to those cases where acts of the local agency or its employees make the property unsafe for the activities for which it is regularly used, for which it is intended to be used or for which it may reasonably be foreseen to be used. *Id.* Any harm caused by acts of third parties are outside Section 8541's scope of liability and, thus, may not be imputed to the local agency or its employees. *Id.*

As a general rule, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 528 A.2d 1355 (1987); Restatement (Second) of Torts § 409 (1965). However, Pennsylvania has an exception to this general rule where the work to be performed by the independent contractor involves special danger or peculiar risk. Restatement (Second) of Torts § 416 and 427; *Philadelphia Electric Co. v. James Julian, Inc.*, 425 Pa. 217, 228 A.2d 669 (1967).

A special danger or peculiar risk exists in pertinent part where, "the risk is different from the usual and ordinary risk associated with the general type of work done." *Ortiz* at 53, 528 A.2d at 1358. Peculiar risk situations should be viewed narrowly and violations of safety conditions alone cannot be the basis for an exception to the general rule that an employer is not liable for injuries due to the negligence of an independent contractor. *Ortiz.* Geppert was performing his job. The risk was not different from the usual and ordinary risk associated with the type of work he did. See *Ortiz* at 53, 528 A.2d at 1358.

Under the real property exception to governmental immunity, the Borough may not be held vicariously liable for the negligent acts of the contractor. Any alleged negligence in failing to insure that a contractor properly secured a work site in compliance with all federal and state regulations may not be imputed to a local agency for purposes of the real property exception to governmental immunity. *Maloney v. City of Philadelphia*, 111 Pa. Cmwlth. 634, 535 A.2d 209 (1987). The negligence action was based, not on the negligent actions of the Borough itself or one of its employees, but on failure to prevent the negligent actions of Geppert, an independent contractor. Specifically, Appellants argue that their claim against

the Borough is for negligence in the inspection and supervision of property in the possession of the Borough. Appellants contend that their allegations establish liability on the part of the Borough for Geppert's damage to the Woolworth Building. The real property exception to governmental immunity is unavailable to those whose claim of negligence consists of a failure to supervise adequately or control the conduct of persons or activities on a governmental unit's real estate. *See Mascaro.*

■ Appellants also argue negligent disregard of statutory duty pursuant to the regulations promulgated under the Occupation Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq. We find this contention without merit, as any citation for violation of OSHA standards would have been issued to the contractor, not the Borough.

Appellants claim is based upon the fact that the Borough failed to supervise Geppert's demolition of the Adjacent Property. As the Borough cannot be held vicariously liable for the negligent conduct of Geppert or for its own alleged negligent hiring and/or supervision of Geppert in demolishing the building, the grant of summary judgment must stand.

## COLLATERAL ESTOPPEL

■ The doctrine of collateral estoppel prevents the assertion of issues previously addressed in prior litigation. *Balent v. City of Wilkes–Barre*, 542 Pa. 555, 669 A.2d 309 (1995). Collateral estoppel applies when: the identical issue has been litigated to final judgment; the party against whom the doctrine is asserted was a party to the prior action; and that party had a full and fair opportunity to litigate the issue. *Id.* All three prongs must be met for collateral estoppel to apply.

■ In the present controversy, Appellants are seeking monetary damages for the demolition of the Woolworth Building at the direction of the Borough. In a prior equity action, the Appellants sought to injoin the Borough from demolishing the building. The issue in both cases was the damage to the building and who caused it. Second, Appellants and the Borough were both parties in the injunction action as well as the damages claim. Thus, the first and second prong are satisfied.

Lastly, Appellants had a full and fair opportunity to litigate before the trial court the issues now raised in the damages complaint. The trial court in the injunction proceeding found the Borough's actions were appropriate, and that the Woolworth Building should be demolished.

Accordingly, we affirm.

Judge McGINLEY concurs in the result only.

Judge LEADBETTER did not participate in the decision in this case.

## ORDER

AND NOW, this 11th day of July, 2001, the order of the Court of Common Pleas of Montgomery County in the above captioned matter is affirmed.