589 A.2d 761

**John A. INTILI and Gladys O. Intili, h/w**

**v.**

**William J. SALAK, Sr., and Mary Salak, h/w; Francis Salak and Mary Ann Salak, h/w; William J. Salak, Jr., and Josephine Salak, h/w; and Donald W. Salak, single, Appellants.**

Superior Court of Pennsylvania.

Argued March 12, 1991.

Filed April 25, 1991.

Lee C. Krause, Honesdale, for appellants.

Richard B. Henry, Honesdale, for appellee.

Before MONTEMURO, JOHNSON and HESTER, JJ.

HESTER, Judge:

William and Mary Salak, Sr., Francis and Mary Ann Salak, William and Josephine Salak, Jr., and Donald Salak, all of whom are owners of real property located in Wayne County, appeal from the July 12, 1990 order entering a permanent injunction against them by the Court of Common Pleas of Wayne County. The injunction prohibits them from using an artificial lake abutting their property. A December 23, 1938 decree barred appellants' predecessors-in-title from using in any manner said artificial lake which is situated entirely upon land that belonged to the predecessors-in-title of John and Gladys Intili, appellees. Appellants argue that the trial court erroneously utilized both the 1938 decree and an admission of fact contained in a pleading in a

previous action involving the instant parties as the basis for its injunction. The injunction compelled appellants to abide by the restrictions contained in the 1938 decree or be held in contempt, and dismissed appellants' claim to the effect that they obtained a privilege to use the lake by a prescriptive right. We affirm.

The record reveals the following. In 1938, Austin Jayne and Jane Reap, appellees' predecessors-in-title, instituted an action in equity in an effort to bar Michael, Thomas, and Margaret Brown, appellants' predecessors-in-title, from using an artificial lake formed from Elk Creek (known originally as Little Keen Pond and then as Canoe Lake) for boating, fishing, or swimming. The lake is non-navigable water and is situated entirely on land belonging to appellees. The southwestern high water line of the shore of the lake is the boundary line between these adjoining landowners. On December 23, 1938, the trial court issued an injunction barring the Browns from using the lake for any purpose.

In 1958, appellants purchased land abutting the lake from the Browns. In 1968, appellees purchased the land under the lake from Austin Jayne and Jane Reap. In 1969, as successor owners to Austin Jayne and Jane Reap, appellees sought enforcement of the 1938 decree against appellants as successors to the property owned by the Browns. Appellees alleged that despite their repeated demands, appellants continued to fish from the shore and to permit their cattle to drink from the lake. In response, appellants filed an answer, verified by William Salak, Sr. on behalf of all appellants, denying that appellants used the lake for any purpose. No further action was taken in the dispute until 1988.

In 1988, appellees filed the instant action seeking to hold appellants' in contempt for their alleged continued violation of the 1938 decree. Appellants responded by claiming that the 1938 decree did not apply to them since it did not state that it applied to the Browns' heirs, successors, and assigns. Appellants also asserted that together with the Browns,

they had established a prescriptive right to use the lake by their continued, open, hostile, and notorious use in excess of twenty-one years.

As the 1969 suit to enforce the 1938 decree did not result in a final decree, the court requested that the present suit be treated as cross-motions for summary judgment in the prior 1969 litigation; both parties agreed. The trial court subsequently denied appellants' motion for summary judgment on their claim of a prescriptive right. The court then ordered appellants to abide by the restrictions in the 1938 decree. This appeal followed.

Preliminarily, we note that since the court and parties agreed to treat the case as one involving cross-motions for summary judgment in the 1969 action, our standard of review is clear. In *Overly v. Kass*, 382 Pa.Super. 108, 110, 554 A.2d 970, 971 (1989) (citations omitted), we considered the standard of review utilized in cases involving motions for summary judgment and stated:

In determining whether the trial court erred in granting or denying a motion for summary judgment, this court must determine whether the "pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b).

With these principles in mind, we turn to appellants' claims of error. Appellants first argue that the trial court erred in issuing its injunction based on the 1938 decree and pleadings in the 1969 litigation. They argue that while the trial court did not set forth its basis for applying those actions, neither the doctrine of res judicata nor collateral estoppel supply a basis for enforcing the injunction entered against their predecessors-in-title to them. Appellants note that res judicata and collateral estoppel require both a final judgment and an opportunity to appeal in order to preclude relitigation. *Keystone Bldg. Corp. v. Lincoln Savings*, 468 Pa. 85, 360 A.2d 191 (1976). Specifically, appellants argue that they were not parties to the 1938 action which by its

language did not state that it bound the Browns' heirs, successors, and assigns. Thus, they did not have the opportunity to appeal the 1938 decree. They further argue that the 1969 pleadings do not bind them since a final decree was not issued in the 1969 action. *See Posternack v. American Casualty*, 421 Pa. 21, 218 A.2d 350 (1966) (res judicata requires a final judgment). Appellants thus maintain that neither of those proceedings could be utilized by the trial court to decide the merits of this case.

Furthermore, appellants note that neither of the prior actions addressed the issue of appellants' claim of the right obtained by prescription which they raised as an affirmative defense, and thus, this issue has not been finally litigated. *City of Pittsburgh v. Zoning Bd. of Adjustment of City of Pittsburgh*, 522 Pa. 44, 559 A.2d 896 (1989) (res judicata and collateral estoppel require, *inter alia*, identity of matter sued upon). Accordingly, appellants maintain that an issue of fact remains as to whether they obtained the right to use the lake by prescription and, thus, contend that the trial court's entry of summary judgment on this issue was improper. Consequently, they assert that the injunction also is not valid.

■ We find appellants' arguments meritless with regard to the validity of the 1938 decree and its application by the trial court. Appellants do not contest the factual basis of the 1938 decree. Instead, they contend that they have a right to fish in the lake from their shoreline and that the 1938 decree cannot apply to them. However, we note that the July 12, 1990 order merely embodies the long-held legal principle that where a non-navigable lake is entirely on property belonging to one party, that party has sole rights to it as the owner, and other owners whose property forms the shoreline do not obtain the right to use the lake by virtue of their ownership of adjoining land forming the shore. *See Baylor v. Decker*, 133 Pa. 168, 19 A. 351 (1890). Consequently, as the fact of ownership is not in dispute, the 1990 decree merely applies the legal principle to the facts established in the prior actions and does not rest upon

application of the 1938 decree through res judicata. Therefore, we hold that appellants' claim of a right to use the lake as the result of owning the shoreline and their allegation that the court committed error in applying the 1938 decree to them by res judicata are completely lacking in merit.

Appellants nevertheless contend that the trial court erred in utilizing the 1969 pleadings, in which William Salak, Sr. specifically denied, on behalf of all appellants, that they used the lake for any purpose. Appellants argue that William Salak, Sr.'s prior denial of use is not binding because it did not concern the issue of a prescriptive right, and pleadings may be amended liberally. Pa.R.C.P. 1033. Furthermore, appellants argue that an admission of non-use by William Salak, Sr. in the 1969 suit should not bind all appellants on the issue of their use of the lake, particularly when final judgment was not entered.

We conclude that the denial of the use of the lake by William Salak, Sr. is fatal to appellants' claim of a prescriptive right to use that lake. Appellants are correct that the doctrine of collateral estoppel requires a final judgment on the same issue together with the same party or parties in privity to them in the prior action. *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 323 A.2d 341 (1974). They also are correct that a final order was not entered in the 1969 litigation. However, the real issue is the effect of the admission in the 1969 suit on appellants' claim of a prescriptive right in the present suit which brings the 1969 litigation to a conclusion. We find that this admission is binding and that it defeats appellants' claim to a prescriptive right to use the lake. Our examination of the record reveals that William Salak, Sr. signed a verification of appellants' answer in the 1969 suit which denied any use of the lake by all appellants, and the verification specifically stated that he was signing the answer on behalf of all of them, who were parties to the 1969 litigation. Therefore, his verification and answer constitute a judicial admission of non-use of the lake by all appellants in 1969. This admission may be used

to establish a substantive fact. *Lemmon v. Bufalino*, 204 Pa.Super. 481, 205 A.2d 680 (1964). Accordingly, appellants' admission of non-use defeats their claim of a prescriptive right through continuous, open, notorious, and hostile use of the lake by them for 21 years.

■ Summary judgment can be granted only when there are no issues of material fact. Then, and only then, is the moving party entitled to judgment as a matter of law. *Overly v. Kass, supra.* In our judgment there are no issues of material fact in the instant litigation. In 1969, there was an admission of record to the effect that appellants were not using the lake. Their allegation that they have the right to use the lake has not been substantiated. Accordingly, the court properly granted summary judgment in favor of appellees and issued the injunction enjoining appellants from use of the lake for any purpose.

Order affirmed.