622 A.2d 1383

**Harold I. LORAH, Appellant,**

v.

**LUPPOLD ROOFING COMPANY, INC., H.B. Alexander & Son, Inc., AT & T Technologies, Inc., Western Electric Company, Inc. and D.B. Diefenderfer & Bro. Inc., and E.R. Stuebner, Inc., Pavex, Inc., Dries Paint and Hardware, Inc. and Lynn Ladder & Scaffolding Co., Inc.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 1993.

Filed April 7, 1993.

Louis Cambria, Philadelphia, for appellant.

Bernard L. Coates, Jr., Harrisburg, for Luppold Roofing, appellee.

Daniel E. P. Bausher, Reading, for Alexander & Son, appellee.

John W. Roland, Reading, for AT & T Technologies, appellee.

John J. Hart, Doylestown, for Stuebner, Inc., appellee.

Before CAVANAUGH, CIRILLO and WIEAND, JJ.

CAVANAUGH, Judge:

This appeal is from an order granting the motion for summary judgment raised by appellee AT & T Technologies

and appellee Western Electric Company, Inc.. On appeal, appellant Harold Lorah claims that the lower court erred in determining that as a matter of law the Peculiar Risk Doctrine, an exception to the general rule that an employer of an independent contractor is not liable for the physical harm due to the negligence of the contractor or his servants, is not applicable. He claims that our prior precedent militates that we impose vicarious liability on the appellees for the negligence of their independent contractor and/or his servants. After reviewing the relevant case law and the parties' briefs, we find that the lower court appropriately granted summary judgment in this case. We affirm.

On February 23, 1983, Harold Lorah sustained serious personal injuries when he attempted to descend an unsecured ladder into an excavation pit carrying rebars. The accident occurred while he was working at a construction job known as Building 35, Western Electric Reading Works, in Reading, Pennsylvania. Appellees AT & T Technologies, Inc., and Western Electric Company, Inc., owned the construction site. At the time of the accident, the appellant was employed as an iron worker by E.R. Stuebner, Inc., who is an additional defendant to this lawsuit.

On the day of the accident, the appellant was working in and around an excavation pit. In his deposition testimony, the appellant admitted that he had used the ladder at least once before the accident to climb down into the excavation pit and take measurements. While taking measurements, the appellant remained in the excavation pit for a period of approximately fifteen minutes. He did not examine the ladder before ascending it, although he knew the top of the ladder was not tied down. After ascending the ladder, he picked up four or five rebars, weighing a total of approximately twenty-five to thirty pounds, and attempted to descend the ladder a second time. After traveling two steps down the ladder, the appellant felt the feet of the ladder move away from him, and then the ladder fell, causing the appellant to fall. The appellant fell and landed on a concrete pan on the floor of the excavation pit sustaining serious personal injuries.

The appellant filed a complaint for injuries arising from the above accident on February 21, 1985. The court denied AT & T/Western Electric's first motion for summary judgment on April 13, 1988. After discovery was substantially completed, AT & T/Western Electric filed another motion for summary judgment. This motion was granted by the court on April 15, 1992. The court noted preliminarily that the appellant had failed to present practically any material in opposition to the motion for summary judgment. The Court went on to find that as a matter of law, AT & T/Western Electric were entitled to summary judgment.

The Court noted that the general and well-established rule that the employer of an independent contractor is not liable for physical harm caused another by an act or omission of the contractor or his servants. *Hader v. Coplay Cement Co.*, 410 Pa. 139, 150, 189 A.2d 271, 277 (1963); *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 52, 528 A.2d 1355, 1357 (1987), *alloc. den.* 517 Pa. 608, 536 A.2d 1332 (1987). The Court stated that one exception to the general rule of nonliability is when the owner or employer of the independent contractor retains significant control over work delegated to the contractor. The court acknowledged another exception to the general rule lies where there exists a "peculiar" or "special" danger in the work. The court declared that the former exception does not apply because the on-site advisors of AT & T/Western Electric only monitored and inspected the work and did not exercise any control over it. The court declared the latter exception did not apply because the dangerous condition posed by the unsecured ladder arose because of the failure to take routine precautions. The court finally held as an alternative basis for its disposition that the appellant knowingly assumed the risk of descending an unsecured ladder while carrying a heavy load. It is from the court's grant of summary judgment as to AT & T Technologies/Western Electric that the appellant now appeals.

■ On appeal, the appellant has only challenged the court's ruling that as a matter of law, the Peculiar Risk Doctrine does not apply. The appellant believes the focus of

our inquiry should be whether the plaintiff's working conditions were unreasonably dangerous, and, not surprisingly, claims such an inquiry is fact sensitive and thus a question for the trier of fact to answer. Here, the appellant claims he was permitted to move rebars down an unsecured ladder in violation of known safety standards. Although admitting that moving rebars into an excavation pit is not in and of itself unreasonably dangerous, appellant asserts that a jury could find that the way this task was undertaken, through the use of an unsecured ladder, created a "special" or "peculiar" danger.

The law relating to summary judgment is settled. A motion for summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Intili v. Salak,* 403 Pa.Super. 578, 584, 589 A.2d 761, 764 (1991); *Johnson v. Woodland Hills School District,* 135 Pa.Cmwlth. 43, 45, 582 A.2d 395, 397 n. 2 (1990). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party, and must resolve all doubts against the moving party. *Mariscotti v. Tinari,* 335 Pa.Super. 599, 601, 485 A.2d 56, 57 (1984); *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984).

The sole issue in this appeal raises the applicability of the Peculiar Risk Doctrine. As noted by the lower court, the general rule is that an "employer of an independent contractor is not liable for the physical harm caused by another by an act or omission of the contractor or his servants." *Ortiz, supra,* 365 Pa.Super. at 52, 528 A.2d at 1357; *see also* Restatement (Second) of Torts, § 409 (1965). One exception to this rule of nonliability arises where the work to be done by the independent contractor involves a special or peculiar risk,[1] and is known as the "Peculiar Risk Doctrine."

---

**1.** Both our case law and the Restatement regard sections 416 and 427 and the phrases "peculiar risk" and "special danger" as basically interchangeable and overlapping concepts. *Ortiz, supra,* 365 Pa.Super. at 52 n. 2, 528 A.2d at 1357 n. 2; Restatement (Second) of Torts § 427 comment a; *see also Mentzer v. Ognibene,* 408 Pa.Super. 578, 590, n. 7, 597 A.2d 604, 610 n. 7 (1991) (Plurality Opinion by Beck, J.).

*Peffer v. Penn 21 Associates,* 406 Pa.Super. 460, 463, 594 A.2d 711, 712 (1991). Our past decisions have stated that Pennsylvania has adopted this exception to an employer's nonliability as set forth in sections 416 and 427 of Restatement (Second) of Torts:

### § 416. Work Dangerous in Absence of Special Precautions

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

### § 427. Negligence as to Danger Inherent in the Work

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precaution against such danger.

We have summarized the protection afforded by the Restatement in a two-part test, first articulated in *Ortiz, supra.*[2] The

**2.** This writer filed a concurring opinion in *Ortiz, supra,* expressing the view that §§ 416 and 427 of the Restatement (Second) of Torts were intended to provide a basis of recovery for third parties, not employees of independent contractors or subcontractors. *See Ortiz, supra,* 365 Pa.Super. at 56, 528 A.2d at 1360 (Cavanaugh, J., Concurring). This writer had elaborated on this view in an earlier Concurring Opinion in *Colloi v. Philadelphia Elec. Co.,* 332 Pa.Super. 284, 297, 481 A.2d 616, 624 (1984) (Cavanaugh, J., Concurring). This view was commented upon favorably in a recent decision of this Court, where we stated "[t]he broader implication of the restatement would be more consistent to application to third parties ..." *Peffer v. Penn 21 Associates, supra,* 406 Pa.Super. at 465 n. 3, 594 A.2d 711, 713 n. 3 (1991). Notwithstanding the reference to my position in *Peffer, supra,* it is apparent that the law in this Commonwealth is that employees of an independent contractor are parties under §§ 416 and 427 to whom an obligation can flow. *See Colloi, supra,* 332 Pa.Super. at 297, 481 A.2d at 622. Accordingly, this writer drafts this Opinion with the foregoing in mind.

*Ortiz* test has held a special danger or peculiar risk exists where:

(1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and

(2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.

*Ortiz, supra,* 365 Pa.Super. at 53, 528 A.2d at 1358. In *Ortiz,* the Court declared in interpreting this Doctrine that:

In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed.

*Ortiz, supra,* at 55, 528 A.2d at 1359, *quoting Marshall v. Septa,* 587 F.Supp. 258, 264 (E.D.Pa.1984); *accord Peffer, supra,* 406 Pa.Super. at 466, 594 A.2d at 714. Moreover, the tenor of our law is that the violation of safety conditions alone cannot be the basis for finding that the Peculiar Risk Doctrine applies, as many, if not most, industrial actions result from a failure to follow the safety regulations of either the state or the federal government. *Peffer, supra,* at 465, 594 A.2d at 713; *accord Ortiz, supra,* 365 Pa.Super. at 56, 528 A.2d at 1359 ("All construction work involves some risk of harm; only where the work is done under unusually dangerous circumstances does it involve a 'special danger' or 'peculiar risk.'"); *Mentzer, supra,* 408 Pa.Super. at 592, 597 A.2d 604, 611 (1991) (Plurality Opinion by Beck, J.) (a peculiar risk is not found where the negligence consists wholly of the improper manner

I note that despite its reference to my Concurrence, the Court in *Peffer* assumed in its analysis that under §§ 416 and 427 an employee of an independent contractor could potentially recover from the owner of the property who hired the contractor. *Peffer, supra,* 406 Pa.Super. at 464–5, 594 A.2d at 713.

by which the contractor performs the operative details of the work). Whether a peculiar risk exists is a matter for the court to decide before submission to the jury.

Applying the foregoing principles of law, we find unpersuasive the appellant's claim that the Peculiar Risk Doctrine affords him the ability to survive a motion for summary judgment. It is quite obvious that the appellant cannot meet the requirements of the second prong of the *Ortiz* test. The task to be performed—the movement of rebars of nominal weight down a ladder into an excavation pit—does not involves a risk that is substantially out of the ordinary at a construction site. To the contrary, the task being performed appears to be nothing more than a common or routine worksite procedure. What made the activity of increased risk was not the activity itself, which is normally of minimal risk, but the failure of the independent contractor (and/or his servants) to take adequate precautions.

We addressed an analogous fact pattern in *Peffer, supra,* and similarly ruled that summary judgment was appropriately entered against the employee of an independent contractor. In that case, the employee was seriously injured while working on the construction of a building. He averred that while tightening bolts in steel beams that were to be part of the structure's roof, the ladder kicked out from under him causing him to be thrown through an opening in the flooring to the ground 48 feet below.

Applying the second prong of the *Ortiz* test, we held that "construction work on a ladder while tightening bolts of a steel structure is not a peculiar risk for an individual employed by a steel erector company." *Id.* at 466, 594 A.2d at 714. We reasoned that the employee worked for a company whose business was the business of erecting buildings. *Id.* at 465, 594 A.2d at 713. Erecting buildings normally necessitates above ground work requiring the use of a ladder. *Id.* Accordingly, any risk associated with falling from the ladder is an ordinary risk associated with the construction of buildings in general. *Id.* We declared in this vein that that "[a] peculiar risk exists if the danger encountered is different than

that normally associated with the general type of work done."
*Id.* We specifically rejected the argument that the violation of
safety standards alone could constitute a "peculiar risk." *Id.*
at 465–6, 594 A.2d at 714. We noted that almost every
construction task involves the potential for injury. To protect
the efficacy of the general rule that an employer of an
independent contractor is not liable for the negligence caused
another by an act or omission of the contractor or his ser-
vants, we would view narrowly the Peculiar Risk Doctrine
exception. *Id.*

There is no material distinction between the fact scenario
*sub judice* and the one in *Peffer.* In both cases, an employee
of an independent contractor claimed that a ladder kicked out
from under him while he was working causing him to fall and
sustain serious injuries. These cases similarly involve ordi-
nary risks that are attendant to construction work, a risk that
the independent contractor and/or his servants are better able
to control than their employer.

The appellant admits that moving items on a ladder is an
ordinary circumstance at a construction site and does not
invoke the Peculiar Risk Doctrine. However, the appellant
asserts that it is the *specific* conduct involved here that has
created the "peculiar risk," e.g. moving rebars on an *unse-
cured* ladder. The tenor of this argument seems to that the
more negligent that an independent contractor and/or his
servants are in performing an ordinary task, the more likely it
is that the Peculiar Risk Doctrine should be invoked and the
employer of the contractor should be held vicariously liable.
Suffice it to say that we would find odd a doctrine of law that
absolves an employer of an independent contractor from ordi-
nary negligence on the part of the contractor or his servant,
yet holds the same employer vicariously liable for either of
those actors' gross negligence. It would seem that the inde-
pendent contractor or his servant under both scenarios is best
able to make sure the work is performed at the safety level
appropriate for the project.[3]

3. Although Pennsylvania has adopted sections 416 and 427 of Restate-
ment (Second) of Torts, our adherence to the pronouncements in these

For the reasons expressed *supra,* we hold that the lower court correctly granted summary judgment in favor of the appellees.

Order affirmed.

WIEAND, J., concurs in the result.

sections is not literal and reflects the flavor of our past cases rather than the totality of the views articulated in the Restatement. At least one Judge of this Court has commented, correctly in my opinion, that the second prong of the *Ortiz* test does not provide the more expansive coverage that the Restatement sections *supra* would afford. *See Mentzer, supra,* 408 Pa.Super. at 597–9, 597 A.2d 604, 614–5 (Olszewski, J., Concurring and Dissenting). To my mind, this is by no means a disaster, as Pennsylvania still clearly adheres to the general rule that a employer is not liable for the negligence of his contractor or his contractor's servants. *Peffer, supra,* 406 Pa.Super. at 463, 594 A.2d at 712; *Ortiz, supra,* 365 Pa.Super. at 52, 528 A.2d at 1357; *Marshall v. Septa,* 587 F.Supp. 258, 264 (E.D.Pa.1984). We deviate from this rule in very limited circumstances. *Peffer, supra,* 406 Pa.Super. at 466, 594 A.2d at 714; *Ortiz, supra,* 365 Pa.Super. at 55, 528 A.2d at 1359; *Marshall v. Septa,* 587 F.Supp. 258, 264 (E.D.Pa.1984). The Restatement (Second) approach, however, reflects an approach where the exceptions have become the rules of first resort, not of final resort. See Restatement (Second) of Torts, § 409, Comment a ("The[ ] exceptions are so numerous, and they have so far eroded the "general rule," that it can now be said that it is applied where no good reason is found for departing from it.") The Restatement (Second) approach, rather than restating the law, reflects a minority position among the jurisdictions in this Nation where the exceptions swallow the rule. *Ortiz, supra,* 365 Pa.Super. at 55 n. 3, 528 A.2d at 1359 n. 3; 41 Am.Jur.2d. § 24, 776. While it is true that most jurisdictions, like Pennsylvania, afford several exceptions to the general rule in limited circumstances, most jurisdictions also adhere to the general rule in the garden variety case of this type.

After studied review of Restatement (Second), one can observe a disturbing trend in certain sections of (the Restatement (Second)) to attempt to predict the law rather than to summarize it. My observations are shared by at least one legal commentator. *See, e.g., Keyes, The Restatement (Second): Its Misleading Quality and a Proposal for Its Amelioration,* 13 Pepperdine Law Review 23 (1985) (positing that the Restatement (Second) series reflects the views of its drafters in many sections rather then restates the general common law of the United States). Given the importance of the Restatement (Second) series to daily practice, where many practitioners assume that the Restatement reflects the law of the vast majority of jurisdictions, a Restatement (Second) that does not reflect normative law is problematic to say the least. While this is clearly neither the time nor place to fully comment on this issue, I write to suggest that even when we "adopt" sections of

the Restatement, we often do so on our own terms, and we should read the Restatement (Second) in light of our prior law.