663 A.2d 187

**David S. EDWARDS, Appellant,**

v.

**FRANKLIN & MARSHALL COLLEGE, Appellee.**

Superior Court of Pennsylvania.

Argued June 27, 1995.

Filed Aug. 3, 1995.

2

Richard C. Low, Lancaster, for appellant.

Christian S. Erb, Jr., Harrisburg, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

David S. Edwards (Edwards) appeals from the order of the trial court granting summary judgment in favor of Franklin & Marshall College (F & M) in a personal injury action. Edwards' sole claim on appeal is that the trial court erred in determining that the Peculiar Risk Doctrine, an exception to

the rule that an employer of an independent contractor is not liable for injuries caused by the negligence of the contractor or its servants, is not applicable. Finding no merit to this contention, we affirm.

The facts were summarized by the trial court as follows:

[Edwards], a construction worker, was injured when he fell through a roof on property owned by [F & M] on July 1, 1987. At the time of the accident, [Edwards] was an employee of Benchmark Construction Company, Inc. [Benchmark]. Benchmark had been hired by [F & M] to do primarily exterior renovation work on several buildings. The work to be done consisted of removal of broken glass, the placement of corrugated panels behind windows for weather protection and the placement of plexiglass panels on the exterior portion of a building. The buildings in question were part of the former Posey Iron Works, which had been purchased by [F & M]. One structure was to be used as a tennis building, another as an ice skating rink. The tennis building is next to the ice skating rink building. Benchmark was retained to install corrugated panels over the outside of the windows to the tennis building. To install these corrugated panels, Benchmark placed a moveable scaffold next to the tennis building. During the course of the work on the tennis building, at least one Benchmark employee walked over the roof of yet another building intended to house an indoor track. The indoor track building is located next to the tennis building on the other side from the ice rink. One of [Benchmark's] employees stepped on the transite roofing and his foot went through. Fortunately, he was not injured. The employees had apparently been instructed prior to commencing work on the indoor track building that the roof was brittle and that they should walk where there were supporting trusses or other supports under the roof. [Edwards] was injured when he went up on the transite roof over the indoor track building to patch the hole from where his fellow employee's foot went through.

While on the roof, [Edwards] broke through the roofing and fell to the floor below.

Trial Court Opinion, 1/5/95, at pp. 1–2.

Edwards filed a complaint for injuries arising from the accident on June 30, 1989. The parties completed discovery and a pre-trial conference was held. Thereafter, F & M filed a motion for summary judgment as to the issue of liability. It was F & M's position that Edwards, as an employee of an independent contractor, could not maintain an action against it for injuries sustained while he was on the job with his employer. After hearing oral argument and receiving briefs from the parties, the trial court granted F & M's motion. In doing so, the court concluded that "the risk of stepping through this roof was not different from the usual and ordinary risks associated with the general type of work being done." Trial Court Opinion, 1/5/95, at p. 6. This appeal followed.

Our standard used when reviewing the grant or denial of a motion for summary judgment is well-settled:

The law relating to summary judgment is settled. A motion for summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party, and must resolve all doubts against the moving party.

*Lorah v. Luppold Roofing Company, Inc.*, 424 Pa.Super. 439, 443, 622 A.2d 1383, 1385 (1993) (citations omitted).

With regard to the Peculiar Risk Doctrine, this Court has recently stated:

The established law in Pennsylvania provides that an employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. *Hader v. Coplay Cement Co[.]*, 410 Pa. 139, 150, 189 A.2d 271, 277 (1963); *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 52, 528 A.2d 1355, 1357 (1987), *alloc. denied,* 517 Pa. 608, 536 A.2d 1332

(1987). *See also* Restatement (Second) of Torts, §§ 416, 427. One exception to this rule provides that an employer may be liable for the negligence of its employee/independent contractor where the work to be performed by the independent contractor involves a special danger or peculiar risk. *Steiner v. Bell of Pennsylvania*, 426 Pa.Super. 84, 88, 626 A.2d 584, 586 (1993) (footnote omitted). The Peculiar Risk Doctrine denotes a concept of employer nonliability as set forth in sections 416 and 427 of the Restatement (Second) of Torts:

§ 416. **Work Dangerous in Absence of Special Precautions**

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

§ 427. **Negligence as to Danger Inherent in the Work**

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precaution against such danger.

Restatement (Second) of Torts, §§ 416 and 427; *see also Lorah*, 424 Pa.Super. 443–444, 622 A.2d at 1385–86. Our Supreme Court specifically adopted these two sections as the law in Pennsylvania in *Philadelphia Electric Company v. James Julian, Inc.*, 425 Pa. 217, 219–20, 228 A.2d 669, 671 (1967), and this Court has noted that the terms "special danger" or "peculiar risk" are used interchangeably. *Steiner*, 426 Pa.Super. 88, 626 A.2d at 586 n. 3.

The rationale underlying this exception was articulated in *Ortiz v. Ra–El Development Corp.*, 365 Pa.Super. 48, 528 A.2d 1355 (1987), *alloc. den.*, 517 Pa. 608, 536 A.2d 1332:

[A]n employer of the independent contractor ought to anticipate a heightened level of risk where the work is specially dangerous or peculiarly risky. It is reasonable for the employer to take precautions or cause the independent contractor to take precautions to minimize the possibility of injury to others. After all, it is the employer who primarily benefits from the [independent] contractor's work and the employer who selects the independent contractor. Furthermore, the employer is in a position to make the selection of the independent contractor based on competency. The employer also may demand indemnity from the [independent] contractor. Finally, the employer, anticipating the risk, can purchase insurance to cover it.

*Id.* 365 Pa.Super. 53–54, 528 A.2d at 1357–58. After noting that no Pennsylvania appellate decision had enunciated a precise definition of the terms "special danger" or "peculiar risk," the *Ortiz* panel held that a special danger or peculiar risk exists where:

1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; *and*

2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.

*Id.* at 54, 528 A.2d at 1358 (emphasis added). This Court has further stated that the key to the proper application of the two Restatement sections lies in the definition of a "peculiar risk" or a "special danger." *Mentzer v. Ognibene*, 408 Pa.Super. 578, 590, 597 A.2d 604, 610 (1991) (plurality), *alloc. den.*, 530 Pa. 660, 609 A.2d 168 (1992). As the *Mentzer* panel also stated:

*The risk of harm must arise from the peculiar or inherent nature of the task or the manner of performance, and not the ordinary negligence which might attend the performance of any task.* "[L]iability does not ordinarily extend to so called 'collateral' or 'casual' negligence on the part of the contractor ... in the performance of the operative

details of the work. The negligence for which the employer [of a general contractor] is liable ... must be such as is intimately connected with the work authorized and such as is reasonably likely from its nature."

*Id.* 408 Pa.Super. 590, 597 A.2d at 610 (*quoting McDonough v. United States Steel Corporation,* 228 Pa.Super. 268, 275–76, 324 A.2d 542, 546 (1974) (emphasis in original). Stated differently, the definition of "peculiar risk" or "special danger" requires that " ... the risk be recognizable in advance and contemplated by the employer [of the independent contractor] at the time the contract was formed. . . . [and that] it must not be a risk created solely by the contractor's 'collateral negligence' ... [i.e.,] negligence consisting wholly of the improper manner in which the contractor performs the operative details of the work." *Mentzer,* 592, 597 A.2d at 611 (citation omitted).

Finally, we note that: "The determination of whether a particular case presents a peculiar risk or special danger is a mixed question of law and fact and may, in clear cases, be made by the trial judge as a matter of law." *Id.* 590, 597 A.2d at 610 n. 6.; *see also Ortiz,* 365 Pa.Super. 55, 528 A.2d at 1359; *McDonough,* 228 Pa.Super. 275, 324 A.2d at 546 n. 6. *Compare Lorah,* 424 Pa.Super. 445, 622 A.2d at 1386 ("Whether a peculiar risk exists is a matter for the court to decide before submission to the jury."). Finally, because the Peculiar Risk Doctrine is an exception to a general rule, it should be viewed narrowly. As this Court has stated:

To characterize all construction work or all scaffold work as involving a special danger or peculiar risk would render the terms "special danger" or "peculiar risk" meaningless:

In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed.

*Marshall v. Southeastern Pa. Transp. Auth.,* 587 F.Supp. 258, 264 (E.D.Pa.1984); *see also* Restatement (Second) of Torts § 413 comment b. All construction work involves a risk of some harm; only where the work is done under

unusually dangerous circumstances does it involve a "special danger" or "peculiar risk."

*Ortiz,* 55, 528 A.2d at 1359 (footnote omitted).

■ Applying the above principles of law to the facts presented in the instant case, we conclude that the Peculiar Risk Doctrine has no application. Thus, the trial court did not err in granting F & M's motion for summary judgment.

■ As noted above, the determination as to whether a peculiar risk existed involves a two-step test. The first step is whether the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., would a reasonable person, in the position of the employer, foresee the risk and recognize the need to take special measures. *Ortiz,* 53, 528 A.2d at 1358. The trial court found that both F & M and Benchmark were fully aware of the deteriorating and dangerous nature of the roof. The trial court further found, however, that F & M did take "special measures" with regard to this dangerous condition by selecting an experienced construction contractor, Benchmark, to perform the task assigned. Even if we were to disagree with this conclusion, it is clear from the record that Edwards cannot satisfy the second prong of the *Ortiz* test, that is, "the risk is different from the usual and ordinary risk associated with the general type of work done[.]" *Id.* 53, 528 A.2d at 1358. The record reveals that Benchmark was in the business of constructing and reconstructing commercial structures. All parties involved were aware that the structures to be worked on were old and deteriorating in certain areas. Because the remodeling of these old structures necessarily involved working high off the ground, the danger of falling is apparent. Moreover, from the beginning of the work project Benchmark employees were informed of the dangerous nature of the roof and were told that, if they had to traverse the roof, they were to walk only on the supporting trusses and purlins. Indeed, a fellow Benchmark employee's foot had, on a prior occasion, gone through the roof and Edwards was in the process of patching that hole when he fell. Thus, in this situation, we are

not persuaded by Edwards' claim that a fall off the roof was foreseeable, while a fall through the roof was not.[1]  Clearly, the risk that Edwards might fall through the roof, given the known deteriorated condition of the building that was being repaired, did not present a "special danger" or "peculiar risk."

Order affirmed.

1.  In essence, Edwards' argument that the transite roof was an unfit and dangerous work surface is a claim that the working conditions were unreasonably dangerous.  Such a claim has been rejected by this Court when considering the applicability of the Peculiar Risk Doctrine.  *See Lorah*, 424 Pa.Super. 439, 622 A.2d at 1386 (because many if not all industrial accidents result from the failure to follow safety regulations, a violation of safety conditions alone cannot be the basis for finding that the Peculiar Risk Doctrine applies); *Peffer v. Penn 21 Associates*, 406 Pa.Super. 460, 464–65, 594 A.2d 711, 713 (1991) (same); *Mentzer*, 597 A.2d at 611 (a peculiar risk is not found where the negligence consists wholly of the improper manner by which the contractor performs the operative details of the work).