**Vitucci v. Flojo**

C.P. of Bucks County, no. 92-08149-05-2.

*Paul Benn,* for plaintiff.
*Alan Dion,* for defendants Norman and Denise Flojo.
*Joseph W. Cunningham,* for defendant Patrick T. Hennessey.

McANDREWS, *J.,* May 1, 1995—This matter is before the court on post-trial motions in the nature of a motion for new trial, or for judgment notwithstanding the verdict filed on behalf of plaintiff.

Plaintiff Joseph Vitucci, an individual, brought this civil action against Norman Flojo and Denise Flojo and Patrick T. Hennessey t/a Patrick T. Hennessey Painting Services for recovery of damages for personal injuries sustained while plaintiff was engaged in painting defendant Flojo's residence. The case was called for trial on January 26, 1995.

Prior to selecting the jury, while in conference with the court in chambers, plaintiff's trial counsel informed the court that plaintiff's medical expert was unavailable to testify and would not be available for several weeks. Facing the prospect of a trial without plaintiff's medical expert, it was suggested, and all parties agreed, to bifurcate the case so the matter would proceed to trial on the issue of liability only.

At the outset of the trial, counsel for defendants Norman and Denise Flojo moved to dismiss them as defendants in the action on the basis that plaintiff had no evidence to present that these defendants had any knowledge of a dangerous condition that would give rise to liability to the plaintiff. The court granted the motion.

Prior to commencing the trial, a motion in limine was filed by defendant Hennessey and addressed by

the court. The motion sought to exclude reference to OSHA regulations or violations thereof. Trial counsel for plaintiff agreed that OSHA did not apply in this situation, and the motion in limine was granted.

The trial by jury was held on January 26 and 27, 1995. A verdict was rendered in favor of defendant Hennessey and against plaintiff. On February 6, 1995, trial counsel withdrew as attorney for plaintiff, and the same day appellate counsel appeared for plaintiff, and filed a petition for extension of time to file a motion for post-trial relief for plaintiff. The court, after conferring with counsel, allowed appellate counsel to file post-trial motions to be supplemented after the record was transcribed.

The facts developed in the course of the trial in the light most favorable to the verdict winner are as set forth herein. Plaintiff is a 41-year old male, who was injured on November 27, 1990, while painting the residence of defendants Norman and Denise Flojo. Plaintiff fell from the roof of the house while caulking a dormer. Plaintiff has been a painter by trade since 1977 or 1978. He had known defendant Hennessey for 25 years, and was hired by Hennessey in the past to do painting work. While working with Hennessey on a previous job, plaintiff was hired as an independent contractor to work on the Flojo job.

The job consisted of painting the exterior of the Flojo residence. Part of the work on the Flojo residence included going up on the slate roof of the house so as to caulk around the dormers, and paint the front of the dormers. There were eight dormers, four in the front of the house, and four in the rear of the house. During the course of the painting of the dormers in the rear of the house, plaintiff

used a "cherry picker" to raise himself to roof level, where he stepped onto the roof and performed the required work on the dormers. The dormers on the front of the house were also caulked and painted by plaintiff, but a ladder was used to reach the roof rather than a "cherry picker." During the course of the job, plaintiff went up on the roof and caulked around the dormers, and painted the wood trim on the front of the dormers. This was accomplished without incident.

The entire job took about 25 working days. Mr. Flojo provided Hennessey with a punch list of items at the end of the job. Plaintiff was informed that he missed one of the dormers on the front and was told by Hennessey to go up and finish it. He took the ladder, laid it against the wall and went up on the roof to complete the job. Plaintiff's foot slipped while on the roof and he fell to the ground sustaining injuries.

In determining whether to grant a new trial, the court must "consider the entire record to determine whether the verdict was arbitrary or capricious or whether it was against the weight of the evidence, or whether there was clearly error of law or palpable abuse of discretion in the rulings... ." *Gonzalez v. United States Steel Corp.*, 248 Pa. Super. 95, 108, 374 A.2d 1334, 1341 (1977), *aff'd,* 484 Pa. 277, 398 A.2d 1378 (1979).

A judgment n.o.v. "may be entered only in a clear case where the facts are such that no two reasonable persons can fail to agree that the verdict was improper." *Giffear v. Johns-Manville Corp.*, 429 Pa. Super. 327, 333, 632 A.2d 880, 883 (1993). *Accord Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 633 A.2d 605 (1993). Thus, this court must determine whether there

is sufficient competent evidence to sustain the verdict. See *id.*

In his motion, appellate counsel contends that the verdict is against the weight of the evidence. The established law in Pennsylvania provides that an employer of an independent contractor is not liable for physical harm caused another by an act or omission of the contractor or his servants. *Steiner v. Bell of Pennsylvania,* 426 Pa. Super. 84, 626 A.2d 584 (1993); *Lorah v. Luppold Roofing Company Inc.,* 424 Pa. Super. 439, 622 A.2d 1383 (1993); *Peffer v. Penn 21 Associates,* 406 Pa. Super. 460, 594 A.2d 711 (1991); *Ortiz v. RA-EL Development Corp.,* 365 Pa. Super. 48, 528 A.2d 1355 (1987), *alloc. denied,* 517 Pa. 608, 536 A.2d 1332 (1987).

One exception to the general rule of non-liability of an employer to an independent contractor provides that an employer may be liable for the negligence of its employees/independent contractor where the work to be performed by the independent contractor involves a special danger or peculiar risk. *Steiner v. Bell of Pennsylvania, supra; Lorah v. Luppold Roofing Company Inc., supra; Peffer v. Penn 21 Associates, supra; Ortiz v. RA-EL Development Corp., supra.*

"[A] special danger or peculiar risk exists where:

"(1) [T]he risk is foreseeable to the employer of the independent contractor at the time the contract is executed, *i.e.,* a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; *and*

"(2) The risk is different from the usual and ordinary risk associated with the general type of work done, *i.e.,* the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-

ordinary." *Ortiz, supra* at 53, 528 A.2d at 1358. (emphasis added)

A peculiar risk exists if the danger encountered is different than normally associated with the general type of work done. *Peffer v. Penn 21 Associates, supra* at 464, 594 A.2d at 713.

Plaintiff, in his complaint, characterizes his status as an independent contractor, and not an employee. It was agreed by counsel that the first question the jury must address was on the issue of risk. A carefully worded question was drafted for the written verdict sheets, which the jury used in its deliberations. The threshold question addressed to the jury was as follows:

"(1) Did the work being performed by Joseph Vitucci involve a special danger or peculiar risk?"

The jury answered "no" and returned to the courtroom. Counsel agreed that this was the threshold question because plaintiff was an independent contractor. The verdict sheet was prepared on that basis, and no objection was raised as to the specific question or the verdict sheet in general. Appellate counsel now contends that the evidence was insufficient to support the jury's conclusion. This argument is not persuasive.

The evidence indicated that plaintiff was a painter since 1979. Previous painting jobs involved working on roofs, and he had worked upon a slate roof at least on one occasion in the recent past. Plaintiff went up on the roof and caulked all eight of the dormers without incident. There was ample evidence to permit the jury to conclude there was no special danger or peculiar risk on this job, and the court concludes the argument is without merit.

Plaintiff argues that the court erred in bifurcating the case. The record clearly indicates that trial counsel

voluntarily agreed to the bifurcation and, therefore, plaintiff is bound by this agreement.

Plaintiff argues that the court erred in refusing to allow expert testimony on OSHA regulations. The record clearly indicates that trial counsel for plaintiff agreed that OSHA regulations did not apply, therefore, the exclusion of the evidence is not error.

Plaintiff argues that the court failed to define the status of the parties as an independent contractor, general contractor, employee, etc. The jury was instructed that counsel agreed that plaintiff was an independent contractor, and that the defendant Hennessey could be found liable for plaintiff's injury only if the jury decided the threshold question as to whether this job entailed a special danger or peculiar risk. No further instructions were appropriate. Trial counsel agreed with these instructions, and raised no objection. Plaintiff's argument is totally without merit.

Plaintiff argues that the court erred in not permitting the jury to decide if defendant was negligent. In order for liability to arise it was necessary for the jury to determine the threshold question of whether this painting job created a special risk or peculiar harm. The jury decided it did not. Therefore, the jury was properly foreclosed from going any further.

Plaintiff argues that there was mention in the defense counsel's closing argument that it was late Friday afternoon and the faster they decided, the faster they could return home. This reference is not on the record, since the closing arguments were not recorded with the consent of all counsel. Plaintiff argues that the court should have instructed the jury on this comment. Assuming for the purposes of discussion that such a comment was made, the absence of an instruction cannot

be now heard because no objection was raised by counsel at trial, and any objection is deemed waived.

The final issue raised relates to the court's granting defendants Norman and Denise Flojo's motion to dismiss them as defendants in this action. The motion was based on defendants' contention that plaintiffs had no evidence that defendants had any knowledge of a dangerous condition that would apply in this case.

Defendants rely on the holdings in *Mentzer v. Ognibene,* 408 Pa. Super. 578, 597 A.2d 604 (1991), and *Lorah v. Luppold Roofing Co. Inc., supra.*

Plaintiff's trial counsel offered as proof that defendant Denise Flojo would testify that someone had told her that it was tough to walk on a slate roof. Counsel also argued that defendants knew that this was an old slate roof.

Applying the foregoing principles of law we find unpersuasive appellant's claim that a slate roof involves a risk that is substantially out of the ordinary in connection with the painting of the exterior of a residential dwelling. To the contrary, the task being performed appears to be nothing more than the common or routine painting job.

For the foregoing reasons, plaintiff's motion for a new trial is denied.

## ORDER

And now, May 1, 1995, upon consideration of plaintiff's motion for post-trial relief and defendant's response thereto, it is hereby ordered and decreed that plaintiff's motion is denied.